**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **HECTOR CASTILLO** | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **CAUSE NO.: 1-23-CV-130** |
| | § | |
| **RICHARD MARK HAWKINS AND** | § | |
| **MAX FREIGHTLINES, INC.** | § | |
| **Defendants** | § | **DEMAND TRIAL BY JURY** |

## DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME, **RICHARD MARK HAWKINS** and **MAX FREIGHTLINES, INC.,** Defendants in the above-styled and numbered cause and file their Second Amended Answer to Plaintiff's Complaint and in support thereof would respectfully show unto the Court as follows:

## ADMISSIONS AND DENIALS

1. Unless specifically admitted, Defendants deny all allegations in Plaintiff's Original Complaint as allowed under Rule 8(b) of the Federal Rules of Civil Procedure.

2. The allegations contained in the preamble do not require admission or denial.

3. The allegations contained in Paragraph I, "Discovery Control Plan" do not require admission or denial.

4. Defendants admit the allegations contained in Paragraph II (2).

5. Defendants admit the allegations contained in Paragraph II (3).

6. Defendants admit the allegations contained in Paragraph II (4).

7. Defendants deny the allegations in Paragraph III (5).  Defendants deny that jurisdiction is

proper in the 445th Judicial District Court of Cameron County.  Defendants deny that Defendants are residents of Texas.  However, Defendant MAX FREIGHTLINES, INC. admits that it is an Illinois corporation organized and existing under the laws of the State of Illinois and Defendant RICHARD MARK HAWKINS admits that he is a resident of Coarsegold, California.

8. Defendants admit the allegations in Paragraph III (6).

9. Defendants deny Paragraph IV. "Facts."  However, Defendants will admit that RICHARD MARK HAWKINS was in the course and scope of his employment with Defendant MAX FREIGHTLINES, INC. at the time of the accident in question.

10. Defendants deny the allegations in Paragraph V, "Cause of Action – Richard Mark Hawkins."

11. Defendants deny the allegations in Paragraph VI "Cause of Action – Max Freightlines, Inc."

12. Defendants deny the allegations in Paragraph VII "Cause of Action – Richard Mark Hawkins and Max Freightlines, Inc."

13. Defendants deny the allegations in Paragraph VIII, "Damages – Hector Castillo."

14. The allegations contained in Paragraph IX "Interest" do not require admission or denial.

15. The allegations contained in Paragraph X "Demand for Jury Trial" do not require admission or denial.

16. The allegations contained in the Prayer do not require admission or denial but deny that the Plaintiff is entitled to damages.

## SPECIFIC DENIALS AND AFFIRMATIVE DEFENSES

1.  Defendants deny that they are liable to Plaintiff under any legal theories of liability and demand that he be required to prove his claims and allegations by a preponderance of the credible evidence.

2.  Pleading in the alternative, Plaintiff was himself guilty of various acts, wrongs, and omissions, each of which constituted negligence, negligence per se, gross negligence, comparative fault and comparative responsibility, and each of which was the sole cause or alternatively, a proximate cause and producing cause of the occurrence in question and the alleged damages.

3.  Pleading further in the alternative, the matter about which Plaintiff complains was not caused, in whole or in part, by any acts of negligence on the part of Defendants.  To the contrary, the incident and injuries in question were caused by the negligence and carelessness of Plaintiff in his failure to use ordinary care under the existing circumstances in the accident; and such negligence was the sole proximate cause or, alternatively, a proximate and/or producing cause of the incident complained of in this matter.

4.  Pleading in the alternative, Defendant **RICHARD MARK HAWKINS** would state that at all relevant times, he was acting in a reasonable and prudent manner, exercising ordinary care as would be expected under the same or similar circumstances; and he fully performed his legal responsibilities, or alternatively substantially performed them.  Pleading alternatively, Defendant RICHARD MARK HAWKINS would state that he did not breach any legal duty, if any, owed to Plaintiff.

5.  Further pleading, if the same be necessary, and in the alternative, Defendants say that if the Plaintiff is suffering from any disability whatsoever, which is specifically denied, such is due solely to diseases, natural causes, bodily infirmities, and/or prior and subsequent accidents, incidents or injuries, wholly disassociated with the allegations upon which this action is predicated, or in the alternative, that a portion thereof, or a percentage of such disability resulted therefrom, or in the alternative, the same resulted solely from a prior or subsequent injury or condition, together with a prior or subsequent disease.

6.  Pleading in the alternative, Defendants would show the Court that Plaintiff suffered from pre-existing ailments, diseases, infirmities, medical, mental and psychological conditions, impairments, genetic and familial traits, factors, anxieties and stresses; and that his injuries, disabilities, infirmities and problems, if any, were caused by said pre-existing conditions. Pleading in the alternative, Plaintiff's injuries, ailments, disabilities, and problems, if any, were only aggravated by the matters made the basis of this lawsuit.

7.  Plaintiff's claims, if any, for lost wages and/or loss of future earning capacity are barred, limited, restricted, and/or governed by the provisions of the Texas Civil Practice & Remedies Code Chapter 18, and any other applicable statute concerning the recovery of damages and the common law of Texas and limiting same to the net loss after reduction for income tax payments or unpaid tax liability thereon. Accordingly, Defendants specifically plead the limitations, restrictions and/or bar on the recovery by Plaintiff of such damages in accordance with Chapter 18 and other applicable law.

8.  Pleading further and without waiving the foregoing, Defendants assert that Plaintiff failed to mitigate his damages by failing to use ordinary in reducing or avoiding his damages. Accordingly, Defendants assert all rights, privileges and remedies afforded or available to it pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code.

9.  Pleading in the alternative, Defendants request that an instruction be issued to the jury limiting the amount of medical expenses recovered to the amount actually paid or incurred by or on behalf of Plaintiff pursuant to Section 41.0105 Texas Civil Practice & Remedies Code.

10. Defendants would further show the Court that the claim for exemplary damages asserted by the Plaintiff herein is in direct violation of the Constitution of the United States and the Constitution of the State of Texas, and the imposition of punitive damages against Defendants would be fundamentally unfair for the following reasons:

(a)  Any award of punitive damages would be arbitrary, unreasonable, excessive and in violation of Defendants' right of due process of law and legal protection of the law under the 5th, 8th and 14th amendments of the United Stated Constitution and Article 1, Sections 13 and 19 of the Texas Constitution.

(b)  This requires proof of gross negligence and punitive damages by the standards greater than in preponderance of the evidence.  Due process requires that punitive damages should be proved beyond a reasonable doubt or in the alternative be proved by clear and convincing standard of proof.

(c)  The assessment of punitive damages, a remedy that is essentially criminal in nature, without the safe guards greater than afforded by Texas Civil Procedure and the law constitutes infliction over criminal penalty without the safeguards guaranteed by the 5th, 6th, 8th and 14th amendments of the Constitution of the United States.

(d)  Punitive damages under Texas Procedures and Law constitute excessive fines and violations of the 8th amendment of the Constitution of the United States.

(e)  It constitutes an attempt to take property of Defendants without due process of law and constitutes cruel and unusual punishment.

14.     Pleading in the alternative, Defendants would state that no act, omission, conduct or ratification of any vice-principal rose to the level of gross negligence, actual conscious indifference or malice which would give rise to the imposition of punitive or exemplary damages.  Defendants hereby plead and invoke the dollar limitations and provisions of Texas law and the Texas Civil Practice & Remedies Code regarding the limitations of recovery of exemplary damages pursuant to the provisions of Section 41.008, that exemplary damages may not exceed an amount equal to the greater of:

(1)(A)  two times the amount of economic damages; plus

   (B)  an amount equal to any noneconomic damages found by the jury, not to exceed $750,000; or

(2)     $200,000.

WHEREFORE, PREMISES CONSIDERED, Defendants **RICHARD MARK HAWKINS** and **MAX FREIGHTLINES, INC.,** pray that, upon a final hearing hereof, Plaintiff recovers nothing of and from Defendants and that Defendants receive all costs of Court and such other and further relief, both at law and in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

**THORNTON, BIECHLIN,**
  **REYNOLDS & GUERRA, L.C.**
418 East Dove Avenue
McAllen, Texas 78504-2240
Tel. (956) 630-3080
Fax (956) 630-0189


/s/ *Ricardo D. Villanueva*
**RICARDO D. VILLANUEVA**
State Bar No. 00792896
E-mail: rvillanueva@thorntonfirm.com
**ATTORNEY FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been served on all parties, via e-mail. pursuant to Texas Rules of Civil Procedure, on this the 5th day of March 2024.

Mr. Javier Villarreal
State Bar No. 240280967
Mr. Reginald Iles Blakeley
State Bar No. 24077845
**JAVIER VILLARREAL LAW FIRM**
2401 Wild Flower Dr., Ste. A
Brownsville, Texas 78526
Tel.: (956) 300-0000
E-mail: reggie@jvlawfirm.com and Oigres@jvlawfirm.com
**Counsel for the Plaintiff**

/s/ *Ricardo D. Villanueva*
**RICARDO D. VILLANUEVA**